**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4298**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOHNNI MARTINEZ GOMEZ, a/k/a Joni Omar Martinez, a/k/a Elvis
Alexis Guzman,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   James K. Bredar, District Judge.
(1:14-cr-00335-JKB-1)

Submitted:  January 21, 2016        Decided:  February 4, 2016

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard C. Bittner, LAW OFFICE OF RICHARD C. BITTNER, Glen
Burnie, Maryland, for Appellant.   Rod J. Rosenstein, United
States Attorney, Paul E. Budlow, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnni Martinez Gomez pled guilty, pursuant to a plea agreement, to one count of reentry of a deported felon, in violation of 8 U.S.C. § 1326 (2012). Gomez asserts that his sentence should be vacated because: (1) the 16-level enhancement to his offense level, pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2014), violated his due process rights; and (2) the 41-month sentence was excessive "given the totality of [his] circumstances, conduct, prior offense, and the vision of 18 U.S.C. § 3553 [2012]." Finding no error, we affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. King, 673 F.3d at 283. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

2

sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). For instance, if "an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation" by drawing arguments from § 3553 "for a sentence different than the one ultimately imposed," the party sufficiently "preserves its claim." Id. at 578. However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We presume on appeal that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

According to Gomez, the district court violated his due process rights when it considered his prior assault conviction and "automatically enhance[d] [his] sentence[] when there is

3

absolutely no evidence that [Gomez's] conduct in this case was anything more than a re-entry without permission or inspection, and that his prior conduct was isolated." We reject Gomez's argument that the district court erred when it applied the 16-level violent offender enhancement to his base offense level.

First, Gomez agreed in his plea agreement and in open court while under oath that he was subject to the 16-level enhancement. Because it is undisputed that Gomez knowingly and voluntarily entered his guilty plea, we enforce the stipulations in Gomez's plea agreement and reject his offense level challenge. See United States v. Yooho Weon, 722 F.3d 583, 589-90 (4th Cir. 2013) (holding that absent "demonstrated exceptional circumstances[,]" a defendant who pleads guilty pursuant to a plea agreement where the defendant agrees to specific stipulations cannot challenge the application of those same stipulations on appeal).

We nonetheless discern no due process violation by the district court. Section 2L1.2(b)(1)(A)(ii) provides for a 16-level increase if a defendant illegally reenters the United States after being convicted of a crime of violence, and the Guidelines commentary lists various crimes that constitute crimes of violence, including "aggravated assault" for which Gomez was convicted. See USSG § 2L1.2 cmt. n.1(B)(iii) (2014). Notably, Gomez does not assert that his prior Texas aggravated

4

assault conviction is not a crime of violence under 2L1.2(b)(1)(A)(ii). And as is evidenced by the fact that Gomez cites no authority for his due process argument, his argument is meritless. Cf. Almendarez-Torres v. United States, 523 U.S. 224, 239-44 (1998) (reiterating that the Due Process Clause "protects the accused against *conviction* except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged[,]" while recognizing that "recidivism does not relate to the commission of the offense, but goes to the punishment only") (emphasis added and internal quotation marks and citation omitted). Accordingly, Gomez's 41-month sentence is procedurally reasonable.

Having discerned no procedural error in Gomez's sentence, this court presumes on appeal that the sentence is reasonable. Susi, 674 F.3d at 289. Gomez nonetheless attempts to rebut this presumption by arguing that his sentence is greater than necessary to achieve § 3553(a)'s objectives. According to Gomez, the district court abused its discretion when it imposed the 41-month sentence because: (1) Gomez is being punished twice for the 2005 aggravated assault; (2) Gomez's reentry was not related to unlawful activity and Gomez committed no violent acts upon his return; (3) Gomez returned to the United States to work and help his son and ailing mother; and (4) Gomez does not need a harsh sentence to understand the gravity of his actions.

Gomez's arguments amount to little more than his disagreement with the district court's rationale for his sentence. Moreover, the district court explicitly stated that it considered each § 3553(a) factor before it imposed Gomez's sentence, and it also expressly indicated the role it believed each factor played in fashioning an appropriate sentence. The district court clearly found it important that Gomez's criminal history involved a violent criminal act, and it believed that a 41-month sentence would sufficiently address the demonstrated needs for deterrence and a respect for the law. See 18 U.S.C. § 3553(a)(1), (2)(A)-(B). The district court nonetheless also took into consideration the fact that Gomez initially faced a longer sentence under a Guidelines range that, although the district court found was correctly calculated, it believed overrepresented Gomez's criminal history. Even if Gomez or this court believed that a different sentence would be appropriate, we must defer to the district court's decision that the § 3553(a) factors, on a whole, justified the sentence imposed. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

Because we discern no procedural error in the district court's imposition of a 41-month downward variant sentence, and because Gomez has failed to rebut the presumption of reasonableness this court affords his below-Guidelines sentence, we affirm the district court's judgment. We dispense with oral

6

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED